IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Isen Bislimi and Shenadie Bislimi, | ) | CASE NO. 13 B 21213 |
| | ) | |
| Debtors, | ) | Judge Jack B. Schmetterer |
| Isen Bislimi and Shenadie Bislimi, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | ADV. NO. 13 AP 00812 |
| | ) | |
| JP Morgan Chase Bank, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED/PROPOSED FIDINGS OF FACT AND CONCLUSIONS OF LAW

**Findings of Fact.**

Findings of fact are based on the filed Adversary Complaint and the Affidavit of Isen Bislimi and Shenadie Bislimi.

**A. The Parties**

1. The Plaintiffs are Isen Bislimi and Shenadie Bislimi ("Plaintiffs').

2. The Defendant is JP Morgan Chase Bank ("Defendant").

**B. Factual Background**

1. On May 20, 2013, Plaintiffs filed a petition for relief under Chapter 13 of Bankruptcy code.

2. Plaintiffs own the real estate commonly known as 11006 Jodan Drive, Oak Lawn, IL 60453.

3. Nationstar Mortgage LLC holds a first mortgage lien on the real property commonly known as 11006 Jodan Drive, Oak Lawn, IL 60453, with a secured claim of $173,000.00.

4. The Defendant holds a second mortgage lien on the real property known 11006 Jodan Drive, Oak Lawn, IL 60453 in the amount of $48,583.00.

5. That the fair market value at the time of filing of case number 13 B 21213 of the real estate was not more than $166,623.00.

6. The first mortgage lien of Nationstar Mortgage LLC is a secured claim based on the mortgage with Provident Funding Group, Inc, that was recorded on November 1, 2007 as document number 0730547017 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of JP Morgan Chase Bank is a claim based on the mortgage recorded on December 21, 2007 in the Office of the Cook County Recorder of Deeds as document number 0735504070.

8. The current Chapter 13 Plan provides the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $361 monthly for 60 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claim.

10. On June 6, 2013, Plaintiffs issued a summons and complaint to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 11006 Jodan Drive, Oak Lawn, IL 60453.

11. That on June 6, 2013 a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Certified U.S. Mail, postage prepaid to an officer of the Defendant at 270 Park Ave, 39th Floor, New York, NY 10017.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the fair market value of $166,623.00.

15. The secured claim of JP Morgan Chase Bank in the amount of $173,000.00 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

## PROPOSED CONCLUSIONS OF LAW

### A. Jurisdiction

1. The contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

2. Venue is proper in this pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtors scheduled the first Nationstar Mortgage LLC secured claim in the amount of $173,000 and the second JP Morgan Chase Bank claim in the amount of $48,583.00.

5. That value of Plaintiffs' residence is $166,623.00.

6. As there is no value or equity to support the second priority lien of JP Morgan Chase Bank, the JP Morgan Chase Bank claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the

Bankruptcy Code.

7. Because the junior mortgage lien held by Defendant is wholly unsecured, it should not be allowed as secured claim and the mortgage lien may be stripped off. *In Re Mann*, 249 B.R. 831,840 (1st Cir BAP 2000); *In Re Pond*, 2001 U.S.App.Lexis 11287 (Cir. 20010; *Bartee vs. Tara Colony Homeowners Assoc*, 212 F.3d 277 (5th Cir. 2000); *In re Lam*, 211 B.R. 36 (9th Cir BAP 1357); *In Re Tanner*, 217 F.3d 1357 (11 th Cir).

ENTER:

_____
United States Bankruptcy Judge

JUL 3 0 2013

7/30/13